IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Odell Parker; Ruth Parker; Larry Southern; Roy Southern; Yvonne Harris; and Barbara Patterson, individually and on behalf of others similarly situated in the State of South Carolina,<br><br>      Plaintiff,<br><br>vs.<br><br>Asbestos Processing, LLC; Richard H. Bishoff, PC; Richard H. Bishoff; John M. Deakle; John W. Barrett; Barrett Law Group, P.A.; A. Joel Bentley; A. Joel Bentley Law Office; Paul T. Benton; Charles G. Blackwell, Jr.; William R. Couch; Couch Law Firm; Patrick C. Malouf; Porter & Malouf, P.A.; Hammack, Barry, Thaggard & May, LLP; David O. McCormick; Cumbest Cumbest Hunter & McCormick; Crymes G. Pittman; Pittman, Germany, Roberts & Welsh, LLP; Anthony Sakalarios; Morris Sakalarios & Blackwell, PLLC; John Michael Simms; Eugene C. Tullos; Tullos & Tullos; Rance N. Ulmer; Lawyer John Joe; Lawyer Jane Doe,<br><br>      Defendants. | C/A No. 0:11-cv-01800-JFA<br><br><br>**ORDER** |

This matter comes before the court on motions to dismiss filed by several defendants in this action. ECF Nos. 194, 195, 200, 213, 224, 226. Specifically, John W. Barrett; Barrett Law Group, P.A.; Paul T. Benton; David O. McCormick; Cumbest Cumbest Hunter & McCormick; Crymes G. Pittman; Pittman, Germany, Roberts & Welsh, LLP; Eugene C. Tullos; Tullos & Tullos; and Rance N. Ulmer (collectively, "moving Defendants") seek to dismiss the plaintiffs' complaint for lack of personal jurisdiction, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, and for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure.[1]  Odell Parker, Ruth Parker, Larry Southern, Roy Southern, Yvonne Harris, and Barbara Patterson ("Plaintiffs) have filed an omnibus brief in opposition.  ECF Nos. 258.

## I.    Background

This case arises out of allegations of legal malpractice against several lawyers and their law firms.  According to the complaint, the lawyers handled claims against bankrupt asbestos manufacturers on behalf of Plaintiffs and other South Carolina residents similarly situated who had been injured by exposure to asbestos in their workplace.  Specifically, Plaintiffs allege that the lawyers committed malpractice when they pursued the asbestos claims without providing notice or obtaining waivers from Plaintiffs' employers, thereby barring any potential entitlement to workers' compensation benefits.  Commenced in 2001 in this court as an action against four defendants, an amendment of the complaint in 2013 added others for a total of 27 defendants.  Of those, the 10 moving Defendants are all lawyers and law firms in Mississippi, and they have filed motions to dismiss for lack of personal jurisdiction, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, and for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  On July 10, 2013, the court suspended all other deadlines pending the outcome of the motions to dismiss, but permitted 10 weeks of jurisdictional discovery before ruling on the individual motions.  After supplemental briefing from the parties at the close of the jurisdictional discovery period, the court heard oral arguments on March 17, 2014.

## II.    Legal Standard

When the moving Defendants challenge this court's personal jurisdiction under Rule 12(b)(2), Plaintiffs have "the burden of proving" that jurisdiction exists "by a preponderance of the evidence."  *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 (4th

---

[1]    Benton has filed a motion to dismiss under Rule 12(b)(2) alone, while the other moving Defendants seek dismissal under both Rule 12(b)(2) and Rule 12(b)(6).  One other defendant, Hammack Barry Thaggard & May LLP, filed a motion to dismiss for lack of personal jurisdiction, but the parties have stipulated to its dismissal without prejudice.  ECF Nos. 255, 266.

Cir. 2005) (noting that a plaintiff need only make a prima facie showing of jurisdiction when the court does not conduct an evidentiary hearing). In deciding whether Plaintiffs have met this burden, the court construes all disputed facts and draws all reasonable inferences from the proof in favor of jurisdiction. *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003). However, Plaintiffs must base their claim for personal jurisdiction on "specific facts set forth in the record." *Magic Toyota, Inc. v. Southeast Toyota Distribs., Inc.*, 784 F. Supp. 306, 310 (D.S.C. 1992).

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true the facts alleged in the complaint and view them in a light most favorable to Plaintiffs. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999). Still, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that only offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Thus, Plaintiffs must assert claims that cross "the line from conceivable to plausible." *Id.* at 1950–51 (internal quotation marks omitted).

## III.    Analysis and Application

Because this court finds that the factual allegations in Plaintiffs' third amended complaint state plausible claims for relief against all moving Defendants, the court rejects the Rule 12(b)(6) challenges to the complaint and evaluates the motions to dismiss for lack of personal jurisdiction.

For this court to assert personal jurisdiction over non-resident defendants, the exercise of jurisdiction (1) must be authorized under the state's long-arm statute and (2) must comport with

the due process requirements of the Fourteenth Amendment.  *Christian Sci. Bd. of Dirs. of the First Church of Christ v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001).

South Carolina courts have held that the state's long-arm statute is coextensive with the limits of personal jurisdiction set by the due process clause of the Constitution.  *See, e.g., S. Plastics Co. v. S. Commerce Bank*, 423 S.E.2d 128, 130 (S.C. 1992). As a result, this court's statutory inquiry merges with its constitutional inquiry, and the court turns to the constitutional question of whether the moving Defendants had "minimum contacts with [South Carolina] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  *ESAB Group v. Centricut, Inc.*, 126 F.3d 617, 623 (4th Cir. 1997) (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (internal citation and quotation marks omitted)).

Courts recognize two types of personal jurisdiction: general and specific.  *See, e.g., CFA Inst. v. Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285, 292 n.15 (4th Cir. 2009).  Under general jurisdiction, the moving Defendants may be sued in this court "for any reason, regardless of where the relevant conduct occurred," but their activities in South Carolina must be "continuous and systematic." *See id.*  Under specific jurisdiction, the moving Defendants may be sued in this court if the litigation results from alleged injuries that arose out of or related to their contacts with South Carolina and those contacts were sufficient.  *See, e.g, Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).  Because Plaintiffs assert that their lawsuit arose out of the moving Defendants' contacts with South Carolina, the court assesses their contacts with the state under the less demanding standard of specific jurisdiction.

In determining whether the exercise of specific personal jurisdiction is appropriate, the court weighs "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712

(4th Cir. 2002) (internal citations and quotation marks omitted).

Plaintiffs argue that the proof establishes personal jurisdiction because the moving Defendants: (1) served as co-counsel with other non-moving defendants for South Carolina plaintiffs on asbestos claims arising in South Carolina; (3) shared in legal fees obtained from Plaintiffs' and other South Carolinians' asbestos claims; and (4) established minimum contacts with South Carolina through non-moving defendants as their agents and co-counsel. Plaintiffs further submit that two of the moving Defendants, David O. McCormick ("McCormick") and Crymes G. Pittman ("Pittman"), had multiple direct contacts with the state.

Having considered the pleadings, the affidavits, and the oral arguments, this court finds that it may assert specific personal jurisdiction over McCormick and the law firm Cumbest Cumbest Hunter & McCormick; and over Pittman and the law firm Pittman, Germany, Roberts & Welsh, LLP. Measured against the standards set out above, the evidence on the record offers sufficient proof that McCormick, Pittman and their respective firms established minimum contacts with South Carolina for specific personal jurisdiction. McCormick reached into the state through travel and correspondence related to the litigation at issue. Pittman was counsel of record on at least one of the asbestos cases including South Carolina plaintiffs and reached into the state with correspondence related to the litigation. Thus, they both directed activities at South Carolina "in more than a random, fortuitous, or attenuated way" and should have been "able to anticipate being sued" in this forum. *See Mitrano v. Hawes*, 377 F.3d 402, 407 (4th Cir. 2004).

Finding that McCormick, Pittman and their respective firms purposefully availed themselves of the privilege of conducting activities in South Carolina for purposes of minimum contacts, and that Plaintiffs' claims arose out of those activities, the court next considers if personal jurisdiction would be constitutionally reasonable. *See ALS Scan, Inc.*, 293 F.3d at 712. In weighing constitutional reasonableness, the court considers: (1) the burden on the moving Defendants of litigating in South Carolina; (2) the interest of South Carolina in adjudicating the

dispute; (3) Plaintiffs' interest in obtaining convenient and effective relief; (4) the shared interest of the states in obtaining efficient resolution of disputes; and (5) the interests of the states in furthering social policies. *See Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 279 (4th Cir. 2009). Although McCormick, Pittman and their respective firms face some burdens in defending the Plaintiffs' claims in South Carolina, those burdens neither offend the traditional notions of fair play and substantial justice, nor put McCormick, Pittman and their respective firms at a severe disadvantage. The court also concludes that South Carolina has an interest in the resolution of a lawsuit filed by its citizens. As a result, the court finds that the exercise of personal jurisdiction over McCormick, Pittman and their respective firms would not be constitutionally unreasonable.

Accordingly, the court finds that Plaintiffs have met their burden to show this court's personal jurisdiction over David O. McCormick; the law firm Cumbest Cumbest Hunter & McCormick; Crymes G. Pittman; and the law firm Pittman, Germany, Roberts & Welsh, LLP. The court finds that the remaining moving Defendants' alleged contacts are too attenuated to support personal jurisdiction in this court.

## IV.    Conclusion

For the foregoing reasons, this court hereby grants without prejudice the motions to dismiss filed by John W. Barrett; Barrett Law Group, P.A.; Paul T. Benton; Eugene C. Tullos; Tullos & Tullos; and Rance N. Ulmer. The court denies the motions to dismiss filed by David O. McCormick; Cumbest Cumbest Hunter & McCormick; Crymes G. Pittman; and Pittman, Germany, Roberts & Welsh, LLP.

IT IS SO ORDERED.

March 21, 2014                                        Joseph F. Anderson, Jr.
Columbia, South Carolina                     United States District Judge