IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Larry Southern; Roy Southern; Yvonne Harris; and Barbara Patterson, <br><br> Plaintiffs, <br><br> vs. <br><br> Asbestos Processing, LLC; Richard H. Bishoff, PC; Richard H. Bishoff; John M. Deakle; A. Joel Bentley; A. Joel Bentley Law Office; William R. Couch; Couch Law Firm; David O. McCormick; Cumbest, Cumbest, Hunter & McCormick; Crymes G. Pittman; Pittman, Germany, Roberts & Welsh, LLP; and John Michael Sims, <br><br> Defendants. | C/A No. 0:11-cv-01800-JFA <br><br><br><br> **ORDER** |

## I.    INTRODUCTION

This matter comes before the Court on a motion to alter or amend judgment filed by Larry Southern, Roy Southern, Yvonne Harris, and Barbara Patterson (collectively "Plaintiffs") pursuant to Rule 59(e) and Rule 60(b)(6) of the Federal Rules of Civil Procedure. [ECF No. 473]. Specifically, the Plaintiffs move this Court to reconsider its Order dated June 30, 2015 (the "Order"), which granted the Defendants' motions for summary judgment and dismissed this action. [ECF No. 467]. The Plaintiffs request that at a minimum, the Court should revise its Order to deny Defendants' motions for summary judgment. The Plaintiffs further request that the Court grant Plaintiffs' motions for partial summary judgment and set the case for trial on the remaining issues.

In the view of this Court, Plaintiffs' motion fails to meet any of the requirements under Rule 59(2) or Rule 60(b)(6). Having reviewed the pleadings related to this motion, the Court finds that further oral argument will not aid in its decision-making process. Accordingly, the

1

Plaintiffs' motion to reconsider, ECF No. 473, is denied.

## II. STANDARD OF REVIEW

A court's reconsideration under Rule 59 "is an extraordinary remedy that should be applied sparingly." *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997). Accordingly, the Fourth Circuit has held that a court should grant a motion to reconsider only when (1) an intervening change in controlling law occurs; (2) additional evidence not previously available has been presented; or (3) the prior decision was based on clear error or would work manifest injustice. *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993).

As a result, Rule 59 motions are neither an opportunity "to make arguments that could have been made before the judgment was entered," *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002), nor a chance to rehash issues already ruled upon because a party disagrees with the result. *Smith v. Spivey*, No. 1:12-CV-00029-RBH, 2013 WL 1624458, at *1 (D.S.C. Apr. 15, 2013) *aff'd*, 546 F. App'x 174 (4th Cir. 2013); *see Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001). A party's mere disagreement with a court's ruling does not warrant a Rule 59(e) motion. *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002); *see also Paul v. South Carolina Dep't of Transp.*, No. CA 3:12-1036-CMC-PJG, 2013 WL 1182591, at *1 (D.S.C. Mar. 21, 2013).

Similar to Rule 59(e), Rule 60(b)(6) provides a means for a court to "relieve a party ... from a final judgment, order, or proceeding" for "any other reason that justifies relief." Although "for any reason that justifies relief" has been described as a catch-all provision, relief under 60(b)(6) is warranted only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." *See Reid v. Angelone,* 369 F.3d 363, 370 (4th Cir. 2004) (internal quotation marks omitted); *Wojcicki v. Aiken Tech. College,*

2012 WL 3596161, at *2 (D.S.C. Aug.12, 2012) (citing *Margoles v. Johns,* 798 F.2d 1069, 1073 (7th Cir. 1986) (*per curiam*)).

Plaintiffs identify numerous errors allegedly made by the Court that would allegedly work an injustice if sustained, but for the sake of brevity, as enumerated below, the Court will only focus on a few.[1]

## II.    DISCUSSION

As a theme throughout Plaintiffs' motion, Plaintiffs highlight all the issues that the Court did not address.  It is not necessary for the Court to reach every issue before it, as the Court found that the unviability of Plaintiffs' underlying workers' compensation claims was dispositive of the entire case.  To address every issue before it tempts a court "to stray into the practice of advisory opinion-making."  *Karsten v. Kaiser Found. Health Plan of Mid-Atl. States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994).

### a.  *Interpretation of S.C. Code Ann. § 42-11-70*

The Plaintiffs disagree with this Court's interpretation that the word "contracted" in S.C. Code Ann. § 42-11-70 of the South Carolina Workers' Compensation Act (the "Act") is a term of art that means "disablement or death."  As the Court explained in its Order, the South Carolina

---

[1] It bears mentioning that in 2013, this Court denied the Defendants' original motion for summary judgment.  Following extensive briefing and two lengthy oral argument hearings, the Court stated at the hearing on February 6, 2013, "I'm going to deny the motion for summary judgment and allow the case to go forward.  It's just—to me there's too much of a possibility of a genuine issue of material fact at this point…. (Tr. of Feb. 6, 2013 hearing 32:2-7, ECF No. 124).  The Plaintiffs maintain that it is difficult to reconcile this Court's 2013 finding of the existence of material facts with the recent June 30, 2015 Order, which allegedly found none existed.

The Court respectfully disagrees.  In the 2013 hearing, the Court noted the "*possibility* of a genuine issue of material fact."  In the recent opinion, the Court found that after additional discovery, there was no genuine issue of material fact as to the viability of the Plaintiffs' underlying workers' compensation claim, which was dispositive of the entire case.  The Court's two holdings are reconcilable.

Supreme Court has defined the term "contracted" in S.C. Code Ann. § 42-11-40 as a term of art meaning "disablement or death." *Vespers v. Springs Mills,* 275 S.E.2d 882, 884 (S.C. 1981); *Glenn v. Columbia Silica Sand Co.,* 112 S.E.2d 711 (S.C. 1960). The Court, following guidance from the South Carolina Supreme Court, "adhere[d] to the basic principle that the same word should not be given disparate meaning within a single statutory scheme." *Doe v. South Carolina Dept. of Health*, 727 S.E.2d 605, 611 n.11 (S.C. 2010). Thus, this Court applied the same definition to "contracted" in § 42-11-70.

Additionally, this Court relied on three South Carolina Workers' Compensation Commission opinions which construed "contracted" in § 42-11-70 to mean "disablement or death." *See Truax v. Daniel Constr./Fluor Daniel*, No. 0411701, 2009 WL1433538, at *3 (S.C. Work Comp. Comm. 2009); *Bishop v. Westinghouse Elec. Corp.*, No. 0318085, 2007 WL 904837, at *9 (S.C. Work. Comp. Comm. 2007); *Gibson v. Westinghouse Elec. Corp.*, No. 0319071, 2007 WL 869985, at *8 (S.C. Work Comp. Comm. 2007).

While the Plaintiffs may disagree with the analysis, the Court's reliance on the South Carolina Supreme Court's definition of "contracted," an established rule of statutory construction, and three South Carolina Workers' Compensation Commission opinions was rational and reasoned. In this respect, the Plaintiffs have not shown how the Court made a "clear error of law," or how any extraordinary circumstances works a manifest injustice.

### b. *Resolution in Favor of Coverage*

The Plaintiffs reason that if there is any reasonable doubt as to the statutory construction of the Act, it "should be resolved in favor of the claimant by including him within the coverage of the Act rather than excluding him." *Davis v. South Carolina Dep't of Corrs.,* 345 S.E.2d 245, 246 (S.C. 1986). However, following *Truax*, *Bishop*, and *Gibson*, the Court, in exercising its

discretion as indicated by the use of "should" in *Davis*, did not construe S.C. Code Ann. § 42-11-70 in favor of coverage.

The Plaintiffs have not provided extraordinary circumstances prompting the Court to disturb its previous order or shown how the Court made a "clear error of law." The Plaintiffs simply disagree with the Court's ruling and mere disagreement is not enough to warrant a grant of a motion to reconsider.

### c.   *Omission of the Bowers Case*

The Plaintiffs point out that the Court omitted any discussion of *Bowers v. Sea Island Staffing*, No. 0226915, 2009 WL 1425599 (S.C. Work. Comp. Comm. 2009). *Bowers* is a South Carolina Workers' Compensation Commission case, decided before *Truax*, which weighs in Plaintiffs' favor. The Court only cited to one South Carolina Workers' Compensation Commission case, *Powell*, which also weighs in Plaintiffs' favor.

Plaintiffs only briefly referred to *Bowers* in their eighty-two page response memorandum. Further, after review of the transcript of the recent summary judgment hearing, no party ever referred to *Bowers*, despite extensive discussion of *Powell*, *Truax*, *Bishop*, and *Gibson*. Omitting *Bowers* was an oversight by the Court; however, the Court is still persuaded by the reasoning and analysis found in *Truax*, *Bishop*, and *Gibson*.

### d.   *Unconstitutionality of S.C. Code Ann. § 42-11-70*[2]

Plaintiffs indicate that the Court has never considered, despite being argued, whether S.C. Code Ann. § 42-11-70 is unconstitutional as applied. Plaintiffs, in their motion to reconsider,

---

[2] The Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution provides "No state shall make or enforce any law which shall ... deny to any person within its jurisdiction the equal protection of the laws." The South Carolina Equal Protection Clause states: "[t]he privileges and immunities of citizens of this State and of the United States under the Constitution shall not be abridged, nor shall any person be deprived of life, liberty or property without due process of law, nor shall any person be denied the equal protection of the laws."

claim that this Court's application of § 42-11-70 "arbitrarily treats occupational disease claimants involving exposure to asbestosis (and other contaminants) differently than similarly situated claimants involving exposure to ionizing radiation."   Because ionizing radiation is excluded from § 42-11-70, the Plaintiffs maintain that the statute violates the right to equal protection by treating similarly situated occupational disease claimants differently.

In the 2012 motion for summary judgment briefing, Plaintiffs argued that Defendants' interpretation of § 42-11-70

> arbitrarily treat claimants whose occupational diseases are readily discoverable shortly after exposures to the causative agents differently than claimants whose diseases may not manifest for 10, 20, 30 or even 40 years after the dates of the injurious exposures.  Persons who have developed 'quick acting' occupational diseases, such as occupational asthma, with which there is generally an acute onset of the disease in response to a causative agent, would be eligible to receive workers' compensation benefits by filing claims within the requisite statutory period.  However, those persons with latent or "slow acting" occupational disease would be barred from recovery because their diseases were not benevolent enough to make themselves known in a more timely fashion.  Such arbitrary and capricious classification as to who may receive benefits for latent diseases bears no relation to any state interest, much less a rational one.
>
> …
>
> Application of S.C. Code Ann. § 42-11-70, as argued by Defendants, would be patently under-inclusive because it does not encompass all other serious occupational diseases that are non-latent in nature.

In support of this assertion, the Plaintiffs cited favorably to a North Carolina state case that found a statute grossly under-inclusive for differentiating between claimants with asbestosis and silicosis and claimants with other occupational diseases.  *See Walters v. Blair*, 462 S.E.2d 232 (N.C. Ct. App. 1995), *aff'd*, 476 S.E.2d 105 (N.C. 1996).

Under equal protection analysis, "State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality.

A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it." *State v. Solomon*, 141 S.E.2d 818, 830 (S.C. 1965).

Where an alleged equal protection violation does not implicate a suspect class, a court applies the rational basis test. To prevail under the rational basis test, it is only necessary to show that the classification created by the statute bears a rational relationship to or furthers some legitimate state interest. *See Town of Hollywood v. Floyd,* 744 S.E.2d 161, 168 (S.C. 2013) (citing *Vill. Of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000)). A statute is constitutional under rational basis scrutiny so long as "there is any reasonably conceivable state of facts that could provide a rational basis for the [statute]." *FCC v. Beach Commc'ns, Inc.,* 508 U.S. 307, 313, 113 S. Ct. 2096, 2101, 124 L. Ed. 2d 211 (1993). A classification does not fail rational-basis review because it "is not made with mathematical nicety or because in practice it results in some inequality." *Dandridge v. Williams*, 397 U.S. 471, 485, 90 S. Ct. 1153, 25 L. Ed. 2d 491 (1970).

The Supreme Court has explained "[a] statute can be both over-inclusive and under-inclusive and still pass rational basis review." *Massachusetts Bd. of Ret. v. Murgia*, 427 U.S. 307, 96 S. Ct. 2562, 49 L. Ed. 2d 520 (1976). "[R]ational basis review allows legislatures to act incrementally and to pass laws that are over and under inclusive without violating the Fourteenth Amendment." *Hayden v. Paterson*, 594 F.3d 150, 171 (2d Cir. 2010) (citing *Gregory v. Ashcroft*, 501 U.S. 452, 473, 111 S. Ct. 2395, 2407, 115 L. Ed. 2d 410 (1991); *Williamson v. Lee Optical of Oklahoma Inc.*, 348 U.S. 483, 489, 75 S. Ct. 461, 465, 99 L. Ed. 563 (1955)).

Throughout the Act certain occupational diseases are treated differently. *See* S.C. CODE ANN. § 42-11-10(B) (excluding some diseases from compensation); § 42-11-60 (separate requirements for compensation for pulmonary diseases); § 42-11-70 (differing lengths of repose

7

for pulmonary and ionizing radiation diseases). Occupational diseases can differ in innumerable ways and these differences in and of themselves justify different treatment. From these statutes, it is apparent that the South Carolina Legislature has recognized these differences and, in light of them, chosen to treat some diseases differently. The Court finds that because of the differences between occupational diseases, the legislature demonstrated a rational basis for treating them differently.

Following guidance from the Supreme Court in *Murgia*, this Court is not persuaded by the North Carolina case of *Walters*. The statute at issue in *Walters* imposed upon claimants suffering from asbestosis or silicosis an additional burden for recovery not so imposed on claimants with other occupational diseases—therefore, the Court found the statute "grossly" under-inclusive. *Walters*, 462 S.E.2d at 234. The North Carolina Appellate Court explained "[t]here are ... many other serious diseases, such as byssinosis, that develop over time and to which N.C. Gen. Stat. § 97–63 does not apply and the defendants have not asserted any justification for treating asbestosis and silicosis differently from these other serious diseases." *Id.* at 233 (internal quotation marks omitted).

Here, § 42-11-70 is not grossly under-inclusive. The classification only excludes one type of claimant, those with ionizing radiation. Further, the Plaintiffs contend that the statute, as applied, does not encompass all other serious occupational diseases that are non-latent in nature; however, if the disease is non-latent in nature, then it arguably follows that a claimant would contract the disease—meaning disablement or death—before the statute of repose precluded recovery. Thus, the statute is not actually under-inclusive of claimants with non-latent diseases. Finally, the Plaintiffs contend that the differentiation between non-latent and latent diseases is

arbitrary; however, the Court previously explained that occupational diseases can differ in innumerable ways and these differences justify different treatment.

In sum, the classification created by § 42-11-70 bears a rational relationship to the legitimate state interest of accounting for different occupational diseases under the Act. Case law supports that legislatures may pass laws that are over and under inclusive without violating the equal protection clause. As such, the Court finds that § 42-11-70 does not violate the right to equal protection.

### e. Medical Evidence

Plaintiffs request that the Court reconsider their claim that medical benefits are different from compensation benefits under the Act. Plaintiffs maintain that medical benefits are not addressed in S.C. Code Ann. § 42-11-70, and are consequently, not precluded by the Court's interpretation of § 42-11-70. Plaintiffs explain that each of their occupational diseases manifested—contracted—within two years after the last exposure to asbestos. Therefore, Plaintiffs are still entitled to medical benefits.

The Court finds this argument unpersuasive as it is premised upon the Court accepting Plaintiffs' interpretation of the word "contracted." Because the Court has rejected Plaintiffs' interpretation, the Court indirectly denies reconsideration of this claim.

## III. CONCLUSION

For the above reasons, the motion to alter or amend the judgment under Rule 59(e) or Rule 60(b)(6) of the Federal Rules of Civil Procedure is denied.


IT IS SO ORDERED.

August 27, 2015                                     Joseph F. Anderson, Jr.
Columbia, South Carolina                    United States District Judge